**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4031**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

PIERRE ABRAHAM, a/k/a Anthony Miller,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:16-cr-00231-D-1)

Submitted: August 23, 2018        Decided: August 27, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierre Abraham appeals the 72-month sentence of imprisonment imposed by the district court after he pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012). He contends that his sentence is unreasonable because the district court did not adequately explain its decision to impose a 12-month upward variance. We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that the district court sufficiently explained the sentence it imposed. The court discussed the nature and circumstances of the offense, which the court characterized as very serious and substantial; the history and characteristics of the defendant, including Abraham's age, children, work history, criminal background, and marijuana addiction; the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment; the need for deterrence; and the need to protect the public through incapacitation. The court also emphasized that, under oath during the

2

sentencing hearing, Abraham had minimized his serious criminal conduct, which indicated that he did not recognize the gravity of his conduct and spoke poorly to his chances for rehabilitation. We conclude that the district court's explanation was procedurally sufficient to support an upward variance. *See id.* Finally, insofar as Abraham contends that his sentence is substantively unreasonable, we conclude in this case that an upward variance of 12 months is not unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*